(Reap. Dec. 10525)

UNIT VENETIAN BLIND SUPPLY CORP. (WILEY) ET AL. *v.* UNITED STATES

Entry No. 1967, etc.

(Decided June 6, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the appeals for reappraisement set forth in Schedule "A" attached hereto and made a part hereof are abandoned only so far as the merchandise shipped by William M. Diller Co. is concerned.

2. That all of the remaining merchandise covered by the appeals for reappraisement set forth in Schedule "A" attached hereto and made a part hereof was entered or withdrawn from Customs warehouse for consumption before the effective date of the Customs Simplification Act of 1956 and was therefore appraised under Section 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938.

3. That no foreign value, as defined by Section 402(c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 existed for such or similar merchandise.

4. That as to the merchandise shipped by the following from Japan:

> Ejima Bamboo Blind Mfg. Co.
> Hasegawa Co. Ltd.
> Hasegawa Shoten
> Hasegawa Shoten Co.
> Inoue Seiren Shokai
> Kajishin Shoten
> Kotobuki Tosa Kogyo Sho
> Nakagawa Seiren
> Rikuno Seiren
> Rikuno Seiren Company
> Rikuno Seiren Shokai
> Shimamura Shoten Co.
> Tanaka Seiren Co.
> Tanaka Seiren Shokai

at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the unit invoice values, net packed, or plus packing where packing is listed separately on the invoice as not being included in the invoice values, plus any extra charge for looped tape or wire where such extra charge is noted on the invoice in red ink.

5. That, with regard to the remaining merchandise covered by these appeals for reappraisement, at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the appraised unit values, less any buying commission noted on the invoices and included in the appraised unit values.

6. That the appeals for reappraisement set forth in Schedule "A", are submitted on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d)

of the Tariff Act of 1930, and hold that such value therefor is as follows:

1. Statutory export value for the merchandise shipped from Japan by Ejima Bamboo Blind Mfg. Co., Hasegawa Co., Ltd., Hasegawa Shoten, Hasegawa Shoten Co., Inoue Seiren Shokai, Kajishin Shoten, Kotobuki Toso Kogyo Sho, Nakagawa Seiren, Rikuno Seiren, Rikuno Seiren Company, Rikuno Seiren Shokai, Shimamura Shoten Co., Tanaka Seiren Co., and Tanaka Seiren Shokai is the unit invoice values, net, packed, or plus packing where packing is listed separately on the invoice as not being included in the invoice values, plus any extra charge for looped tape or wire where such extra charge is noted on the invoice in red ink.

2. Statutory export value for all other merchandise, except that shipped by William M. Diller Co., included in the shipments covered by the entries involved in these appeals for reappraisement, is the appraised unit values, less any buying commission noted on the invoices and included in the appraised unit values.

So far as these appeals for reappraisement relate to merchandise shipped by William M. Diller Co., the same are dismissed.

Judgment will be rendered accordingly.